Filed 8/5/16  P. v. Lyles CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DIEGO JORDAN LYLES,<br><br>    Defendant and Appellant. | E065870<br><br>(Super.Ct.No. RIF112847)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.
Affirmed.

Christine M. Aros, under appointment by the Court of Appeal, for Defendant and
Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Diego Jordan Lyles appeals from an order denying his
petition to reduce his conviction for unlawfully possessing a vehicle valued over $400

(Pen. Code, § 503)[1] to a misdemeanor under section 1170.18, enacted as part of Proposition 47. We find no error and will affirm the order.

## I

## FACTUAL AND PROCEDURAL BACKGROUND

In October 2003, defendant rented a 2003 Ford Mustang from American Cars, Trucks, Inc., and failed to return the vehicle. The car was eventually reported stolen and defendant was taken into custody about 52 days later.

On October 15, 2003, a felony complaint was filed charging defendant with unlawfully possessing a 2003 Ford Mustang, valued over $400, which had been entrusted to him by American Cars, Trucks, Inc., and which he unlawfully appropriated for his own use (§ 503; count 1); vehicle theft (§ 496d, subd. (a); count 2); receiving stolen property, to wit, a checkbook (§496, subd. (a); count 3); passing or possessing a check with the intent to defraud (§ 476; count 4); and possession of a drug paraphernalia (Health & Saf. Code, § 11364; count 5).

On October 29, 2003, defendant pleaded guilty to count 1. In return, the remaining counts were dismissed and defendant was placed on formal probation for a period of three years on various terms and conditions, including serving 365 days in county jail.

On May 8, 2006, the trial court found defendant violated probation and sentenced him to two years in state prison with credit for time served.

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

On November 4, 2014, voters enacted Proposition 47, entitled "the Safe Neighborhoods and Schools Act" (hereafter Proposition 47). It went into effect the next day. (Cal. Const., art. II, § 10, subd. (a).) As of its effective date, Proposition 47 classifies as misdemeanors certain drug- and theft-related offenses that previously were felonies or "wobblers," unless they were committed by certain ineligible defendants. (§ 1170.18, subd. (a).) Among the crimes reduced to misdemeanors by Proposition 47, rendering the person convicted of the crime eligible for resentencing, is receiving stolen property where the property value does not exceed $950. (§ 496, subd. (a).) Proposition 47 also included a provision that allows certain offenders to seek resentencing. Defendants who are serving a sentence, or who have completed a sentence, for a felony that would have been a misdemeanor had Proposition 47 been in effect at the time of the offense may file a petition for recall of sentence. (§ 1170.18.)

On June 25, 2015, defendant filed a petition for resentencing pursuant to section 1170.18. On January 8, 2016, the People filed a response, stating that defendant was not qualified for relief because the value of the vehicle was over $950.

A hearing on defendant's petition was held on March 11, 2016. At that time, defendant's counsel noted that the vehicle was a rental car that was reported stolen. The prosecutor argued that in order to qualify under Proposition 47, it would have to be a theft and it was the prosecution's position that defendant did not have an intent to return the car. In the alternative, the prosecutor noted that defendant's offense would not qualify anyway because it was a 2003 Ford Mustang, taken in 2003, and therefore, the

3

value was going to be over $950. The trial court replied that it was looking at the loss to the rental agency and believed that it would still be over $950, but it did not know how long defendant had the car. Defense counsel submitted that it was 52 days between the time the car was reported stolen and defendant's apprehension. The court concluded that the value was easily over $950 and denied the petition based on the value and because it was a theft of a car.

Defendant filed a timely notice of appeal on April 14, 2016. On May 2, 2016, defendant filed an amended notice of appeal.

II

DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him on appeal. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

4

## III

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

HOLLENHORST
J.

CODRINGTON
J.